# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **L.S. and S.C.**

**No. 18-0707** (Clay County 17-JA-39 and 17-JA-40)

**FILED**

**November 21, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother C.C., by counsel Clinton Bischoff, appeals the Circuit Court of Clay County's July 5, 2018, order terminating her parental rights to L.S. and S.C.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Michael W. Asbury, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her motion for a less-restrictive dispositional alternative and terminating her parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In August of 2017, the DHHR filed a petition alleging that petitioner and the father engaged in domestic violence and substance abuse in the presence of the children. According to the DHHR, petitioner continued to reside with the father despite repeated acts of domestic violence, including an incident in which the father struck petitioner and drove erratically while L. S. was a passenger in the vehicle. The DHHR alleged that following that incident L. S. stated "I want daddy to go to jail." The DHHR further alleged that S.C. lived with her maternal grandmother during most of her life. Petitioner waived her preliminary hearing. The circuit court ordered the DHHR to provide petitioner with parenting and adult life skills classes, counseling, and supervised visitation with the children.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

The circuit court held an adjudicatory hearing in August of 2018 and petitioner stipulated to the allegations of domestic violence and substance abuse as contained in the petition. The circuit court adjudicated petitioner as an abusing parent. Petitioner moved for a post-adjudicatory improvement period and the circuit court granted that motion. As conditions of her improvement period, the circuit court ordered petitioner to participate in adult life skills and parenting classes, "in any and all needful and necessary services offered" by the DHHR, remain drug and alcohol free, participate in random drug screens, participate in a psychological examination and follow all recommendations, participate in supervised visitation, and maintain gainful employment.

In February of 2018, the DHHR filed a motion to suspend petitioner's supervised visitation on the basis that petitioner refused to drug screen prior to a visit. The motion was granted. In March of 2018, the circuit court held a dispositional hearing and the DHHR indicated that petitioner tested positive for methamphetamine in February of 2018 against the circuit court's orders. Petitioner moved to extend her post-adjudicatory improvement period as she intended to enroll in outpatient drug treatment to address her substance abuse issues. The circuit court continued the dispositional hearing and ordered the parties to undergo drug screens during the hearing. Petitioner tested positive for morphine and fentanyl. The circuit court reinstated petitioner's supervised visitations on the condition of two consecutive weeks of negative drug screen results. In April of 2018, the circuit court held a second dispositional hearing, however the parties agreed that a continuation was necessary as petitioner's psychological evaluation had not yet been returned and it was pertinent to disposition. The circuit court continued the hearing.

The circuit court held the final dispositional hearing in May of 2018 and heard evidence regarding petitioner's compliance with the terms of her post-adjudicatory improvement period. A DHHR worker testified that petitioner tested positive for controlled substances three times during late February of 2018 and early March of 2018. Additionally, the DHHR worker explained that she attempted to help petitioner find inpatient substance abuse treatment, but that petitioner refused assistance and indicated she was entering a twenty-eight-day treatment facility. The DHHR worker noted that petitioner never provided evidence of that treatment to the DHHR, despite her requests for petitioner to sign a release for that information. Additionally, the DHHR worker testified that petitioner cancelled her parenting and adult life skills classes and that she was not aware if petitioner was employed.

The psychologist who performed petitioner's psychological evaluation testified that the prognosis for improved parenting was "very poor." The psychologist explained that petitioner minimized the domestic violence and substance abuse in the home. Additionally, the psychologist opined that petitioner suffered from maladaptive personality traits, which are "not amenable to short-term change." The psychologist also noted that she recommended petitioner undergo inpatient substance abuse treatment if she tested positive for controlled substances during these proceedings. On cross-examination, the psychologist testified that petitioner did acknowledge the issues regarding the domestic violence and substance abuse.

Finally, petitioner testified that she was employed through the Clay Development Corporation to care for her grandmother. Petitioner also testified that she no longer had a drug problem and that any type of drug rehabilitation would be pointless. Petitioner further explained that she completed an intake appointment at one facility and went to a different facility four

2

times. Petitioner admitted that she purchased methamphetamine and heroin from an individual she had previously known and met in Mink Shoals, West Virginia. Petitioner also admitted that she failed to call a treatment facility that the DHHR believed had an available space. Rather, petitioner testified that she called different facilities instead. Petitioner explained that the reason she used the substances was because she felt hopeless regarding the proceedings. Petitioner reiterated that she did not believe she needed substance abuse treatment because she had been clean without treatment since March of 2018.

Ultimately, the circuit court found that petitioner abused controlled substances during her improvement period. Additionally, the circuit court found that petitioner was aware that she needed to attend inpatient substance abuse treatment and failed to do so. The circuit court explained that petitioner failed to acknowledge that she had a serious substance abuse problem, that she could not properly parent the children until she acknowledged that problem, and that she failed to obtain the proper treatment. Accordingly, the circuit court found that the allegations that led to the filing of the petition could not be corrected in the near future and that reunification with petitioner was not in the children's best interest. The circuit court terminated petitioner's parental rights in its July 5, 2018, order. Petitioner now appeals that order.[2]

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, this Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred in terminating her parental rights because the conditions which led to the filing of the petition were correctable. According to petitioner, she substantially complied with the terms of her post-adjudicatory improvement

---

[2]S.C.'s unknown father's parental rights were also terminated. L.S.'s father participated in an improvement period, regained custody of the child, and had the petition against him dismissed. Permanency has been achieved for L.S. According to the parties, the permanency plan for S.C. is adoption in current relative foster placement.

period and could have been successful if given more time to participate. We disagree. West Virginia Code § 49-4-604(b)(6) provides that a circuit court may terminate parental rights upon findings that "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and that termination is necessary for the welfare of the children. West Virginia Code § 49-4-604(c)(1) provides that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected when "[t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person . . . [has] not responded to or followed through the recommended and appropriate treatment[.]"

The record supports a finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. Significantly, petitioner did not recognize the danger her abuse of controlled substances presented despite six months of services provided by the DHHR. Petitioner testified that when her situation felt hopeless during the proceedings, she turned to controlled substances for solace. Despite her dependence on these substances during this difficult period in her life, petitioner did not recognize that she was addicted to controlled substances and that she needed additional treatment to control her addiction. This Court has previously held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). On appeal, petitioner admits that she failed to enroll in any treatment programs "partly due to her lack of effort, and partly due to her lack of insight and acceptance in that she suffered from a drug addiction[.]" Although petitioner complied with many of the terms of her improvement period, she reverted to substance abuse and refused to follow through with the recommended and appropriate treatment. Clearly, the children's best interests would not be served in petitioner's custody if she continued to abuse controlled substances. Accordingly, we find no error in the circuit court's termination of petitioner's parental rights.

Additionally, to the extent that petitioner argues the circuit court should have ordered a less-restrictive dispositional alternative, we have held as follows:

> "Termination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). The record supports the circuit court's findings that there was no reasonable likelihood petitioner could have remedied the conditions of abuse and neglect in the near future and that termination of her parental rights was in the best interest of the children. Further, as petitioner takes specific issue with the circuit court's denial of her motion for a post-dispositional improvement period, it is necessary to call attention to petitioner's lack of a substantial change in circumstances. West Virginia Code § 49-4-610(3)(D) governs post-dispositional improvement periods and provides that, if a respondent was previously granted an improvement period, the respondent must "demonstrate[] that since the initial improvement period, the respondent has experienced a substantial change in circumstances" and that "due to that change in circumstances, the respondent is likely to fully participate in the improvement period[.]" The record is devoid of any indication that petitioner experienced any change in her circumstances and petitioner does not argue any change occurred. Instead, petitioner's situation was essentially unchanged compared to the beginning of the proceedings even after the DHHR's provision of services. Therefore, the record does not support granting petitioner a second improvement period. Accordingly, we find no error with the circuit court's termination of petitioner's parental rights rather than the imposition of a less-restrictive dispositional alternative.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 5, 2018, order is hereby affirmed.

Affirmed.

**ISSUED**: November 21, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment